**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDY GUTIERREZ, | ) Case No. CV 23-2060-JWH (JPR) <br> ) <br> ) <br> ) ORDER DISMISSING ACTION WITHOUT <br> ) PREJUDICE <br> ) <br> ) <br> ) <br> ) |
| Petitioner, | |
| v. | |
| WARDEN, USP Lompoc, | |
| Respondent. | |

1

**BACKGROUND**

On March 17, 2023, Petitioner, who is housed at the U.S. Penitentiary at Lompoc, filed under 28 U.S.C. § 2241 a Petition for Writ of Habeas Corpus by a Person in Federal Custody. In 2007, he was convicted in the Southern District of Texas of one count each of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and conspiracy to commit money laundering, and he was sentenced to an aggregate prison term of 360 months. See United States v. Gutierrez, 292 F. App'x 412, 414-15 (per curiam) (5th Cir. 2008); (see also Pet., ECF No. 1 at 1).[1] Petitioner appealed, but the Fifth Circuit Court of Appeals affirmed his convictions and sentence. Gutierrez, 292 F. App'x at 417.

Since then, Petitioner has filed a host of 28 U.S.C. § 2255 motions and the like in the district of conviction and appealed their denial to the Fifth Circuit. See, e.g., United States v. Gutierrez, Cr. No. C-06-380 (4)., 2011 WL 649970, at *1 (S.D. Tex. Feb. 10, 2011), aff'd, 548 F. App'x 181 (5th Cir. 2013); United States v. Gutierrez, No. C-06-380-4, 2011 WL 13334116, at *2 (S.D. Tex. Apr. 14, 2011); United States v. Gutierrez, No. C-06-380-4, 2011 WL 13334117, at *1 (S.D. Tex. July 5, 2011), aff'd, 548 F. App'x at 181; United States v. Gutierrez, No. 2:06-CR-380-4, 2014 WL 12872397, at *1 (S.D. Tex. Sept. 30, 2014); United States v. Gutierrez, No. 2:06-CR-380-4, 2014 WL 12872398, at *2 (S.D. Tex. Nov. 10, 2014).

---

[1] For documents that are not consecutively paginated, the Court uses the pagination generated by its Case Management/ Electronic Case Filing system.

Petitioner then sought authorization from the Fifth Circuit under § 2255(h) to file a second or successive § 2255 motion, raising a claim that newly discovered evidence — declarations from his coconspirators (including his brother) recanting their testimony and exculpating him — proved his innocence and "prosecutorial misconduct." Mot. at 8-12, In re Gutierrez, No. 19-41028 (5th Cir. Dec. 13, 2019). On March 31, 2020, the Fifth Circuit denied his application, finding that the evidence "fail[ed] to establish by clear and convincing evidence that, viewed in light of the record as a whole, including the extensive evidence presented at [his] trial, no reasonable juror would vote to convict [him]." Order at 2, id. It also found that to the extent Petitioner sought to raise a "freestanding actual innocence claim," none existed. Id. And even if "an actual innocence claim can serve as a gateway to raise successive claims without satisfying the requirements of § 2255(h)," Petitioner's new evidence failed to show that it was "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 3 (alteration in original) (citing Schlup v. Delo, 513 U.S. 298, 327-29 (1995)).

On November 4, 2020, Petitioner filed a habeas petition under § 2241 in the Southern District of California, which transferred it here on November 23. See Gutierrez v. Warden, No. CV 20-10678-JWH (JPR), 2021 WL 412264, at *1 (C.D. Cal. Feb. 4, 2021). He alleged that new evidence, again including his brother's declaration, established his innocence and prosecutorial misconduct. Id. at *2. On February 4, 2021, the Court dismissed his petition as a disguised § 2255 motion,

3

without prejudice to its refiling should the Fifth Circuit grant the necessary permission. Id. at *3. The Ninth Circuit denied Petitioner's request for a certificate of appealability. Gutierrez v. Warden, USP Lompoc, No. 21-55176, 2022 WL 3711198 (9th Cir. May 25, 2022).

Petitioner has since moved again in the Fifth Circuit for permission to file a successive § 2255 motion, and each time the Fifth Circuit has said no. See Order, In re Gutierrez, No. 22-40183 (5th Cir. May 12, 2022); Order, In re Gutierrez, No. 22-40795 (5th Cir. Feb. 6, 2023). With the last denial, the court warned Petitioner "that the future filing of repetitive or frivolous motions" could "result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in" that circuit and its district courts. Id.

**DISCUSSION**

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one § 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). To qualify under that clause, a petitioner must claim he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier. Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). The

petitioner must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" — showing that "a constitutional violation has probably resulted in [his] conviction." Schlup, 513 U.S. at 324, 327; see also Suong v. Koenig, No. 1:20-cv-00347-AWI-EPG-HC, 2020 WL 8877668, at *1 (E.D. Cal. Dec. 7, 2020) (holding that petitioner could not escape bar on successive petitions by raising actual-innocence claim in part because evidence supporting claim was not new).

The ban on unauthorized successive § 2255 motions does not by itself render § 2255 inadequate or ineffective. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

Petitioner claims that his judgment should be vacated or a new trial granted "because the Prosecutor suppressed [b]oth [e]xculpatory and [i]mpeaching [e]vidence concerning [h]is [i]nnocence." (Pet., ECF No. 1 at 8.) Because Petitioner is not challenging the manner in which his sentence is being executed but the legality of his judgment (see id. at 2 (checking box indicating that he is raising "actual innocence" claim), 8 (claiming he "has spent almost 17 years behind bars" despite "[h]is [i]nnocence")), his § 2241 Petition is a disguised successive § 2255 motion. See Marrero, 682 F.3d at 1194. He

5

does not qualify for § 2255(e)'s "savings clause" because he has no "new" evidence to support his actual-innocence claim and because he cannot show that he has not had an "unobstructed procedural shot" at raising the Petition's claims earlier.

The Petition's claims all rely on his brother's attached 2019 declaration (see, e.g., Pet., Mem. P. & A., ECF No. 2 at 21, 23), but that evidence is not new. Indeed, Petitioner relied on the identical declaration to support his 2020 habeas petition. (Compare Pet., Mem. P. & A., Ex. B, ECF No. 2 at 45-48, with Pet., ECF No. 1 at 41-44, Gutierrez v. Warden, No. 2:20CV10678, ECF No. 1); see, e.g., Conlan v. Quay, No. 2:17-cv-1466-EFB, 2018 WL 1317004, at *4 (E.D. Cal. Mar. 14, 2018) (holding that affidavit presented "many times" to support "repeatedly-raised and repeatedly-rejected argument" was "not new evidence"), accepted by 2018 WL 1568899 (E.D. Cal. Mar. 30, 2018). Thus, Petitioner has no viable actual-innocence claim.

Moreover, § 2255 provided Petitioner a mechanism for seeking relief based on that evidence. See § 2255(h)(1) (allowing prisoner to seek leave to file second or successive § 2255 motion based on newly discovered evidence). That the Fifth Circuit denied his applications for leave to pursue a successive § 2255 motion based on that evidence because it failed to show that "no reasonable factfinder would have found [him] guilty of the offense" does not render § 2255 inadequate or ineffective. Order at 2, In re Gutierrez, No. 22-40795 (5th Cir. Feb. 6, 2023) (citing § 2255(h)); see also Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended) ("§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions

prevent the petitioner from filing a second or successive petition." (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000))); Knight v. Rios, No. 1:09-cv-00823-AWI-JLT HC., 2010 WL 5200906, at *2 (E.D. Cal. Dec. 15, 2010) (denying motion for reconsideration under Federal Rule of Civil Procedure 60(b) as disguised successive § 2255 motion because despite petitioner's "dogged assertion that he has not had an unobstructed procedural shot" at bringing claim, Third Circuit had considered and denied request to file second or successive § 2255 motion).  Even if the Fifth Circuit rejected his requests "using the wrong standard," as Petitioner argues (Pet., Mem. P. & A., ECF No. 2 at 3), he cannot show that he did not have an unobstructed procedural shot because nothing in the law guarantees him a correct decision. Harrison, 519 F.3d at 960 (holding that inquiry into whether petitioner had unobstructed procedural shot considers only whether claim was not "available" until after first § 2255 motion); Strom v. Matevousian, No. 1:16-cv-01842-SKO HC, 2016 WL 7474889, at *3-4 (E.D. Cal. Dec. 29, 2016) (citing Harrison and noting that in arguing that district court where he was sentenced erred in adjudicating his § 2255 motion, petitioner effectively conceded "that he has had a previous unobstructed procedural shot to advance his claims").[2]

---

[2] Petitioner also claims that § 2255 is "unconstitutionally vague because it invites arbitrary judicial enforcement and violates" his "due process rights." (Pet., Mem. P. & A., ECF No. 2 at 4.)  Because the Court lacks jurisdiction over his disguised § 2255 motion, it need not reach his argument about the statute's constitutionality. See Ivy v. Wrigley, No. CV F 07-00801 LJO WMW HC., 2009 WL 381993, at *3 n.7 (E.D. Cal. Feb. 13, 2009).

In sum, Petitioner has no newly discovered evidence to support an actual-innocence claim, and he has not shown that § 2255 is inadequate or ineffective as a means of providing him relief. His § 2241 Petition is nothing but a disguised § 2255 motion.

Therefore, it his hereby **ORDERED** that Petitioner's Petition is **DISMISSED without prejudice** to its refiling should he obtain the necessary permission from the Fifth Circuit and that Judgment be entered **DISMISSING** this action.[3]

DATED: May 11, 2023

_____
JOHN W. HOLCOMB
U.S. DISTRICT JUDGE

---

[3] L.R. 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."